**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4809**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DENNIS LARRY MCKEVER,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:18-cr-00150-CCE-1)

Submitted: May 23, 2019                         Decided: May 28, 2019

Before KING and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Nicole Royer DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Larry McKever pled guilty, pursuant to a written plea agreement, to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). McKever's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether McKever's within-Guidelines, 72-month sentence is reasonable. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. If there are no procedural errors, then we consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* A sentence is presumptively reasonable if it is within or below the Guidelines range, and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). After properly calculating McKever's Guidelines range, the district court considered the 18 U.S.C. § 3553(a) factors and opined that, although McKever's lengthy criminal history was non-violent, a "substantial sentence" was needed to protect the public. Accordingly, the court denied McKever's request for a downward variance and imposed a within-Guidelines sentence of 72 months. McKever has not rebutted the presumption of reasonableness afforded his sentence.

2

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McKever's conviction and sentence. This court requires that counsel inform McKever, in writing, of the right to petition the Supreme Court of the United States for further review. If McKever requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McKever.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*